**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3360
_____

JENNY KURNIAWAN; JUN PHEN BONG,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A088 650 501, A089 237 751)
Immigration Judge:  Honorable Philip Verrillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2012
Before:  FISHER, WEIS and BARRY, Circuit Judges

Opinion filed: February 9, 2012
_____

OPINION
_____

PER CURIAM.

    Jun Phen Bong and Jenny Kurniawan, husband and wife, petition for review of an

order of the Board of Immigration Appeals ("BIA") dismissing their appeal from a

1

decision of an Immigration Judge ("IJ") denying their applications for relief from removal. For the reasons that follow, we will deny the petition for review.

Bong and Kurniawan are natives and citizens of Indonesia. They were admitted to the United States in May 2007 as visitors with authorization to stay here for six months. In October 2008, the Department of Homeland Security issued notices to appear charging that Bong and Kurniawan are removable because they remained in the United States longer than permitted. Bong and Kurniawan conceded that they are removable as charged and applied for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3).[1]

At the merits hearing, Kurniawan testified to the truth of the statements in her affidavit. Kurniawan, who is thirty-three years old, Chinese, and Christian, stated in her affidavit that she fears returning to Indonesia on account of her religion and ethnicity. Kurniawan recounted being taunted in grade school and watching Indonesian Muslims burn Chinese property during the anti-Chinese riots of 1998. She also stated that in 2003 an Indonesian man said "You Chinese!" and robbed her while she was on the way to the grocery store.

Bong, who is thirty-four years old, Chinese, and Christian, also testified to the truth of the statements in his affidavit, in which he attested that he fears returning to Indonesia on account of his religion and ethnicity. He stated that he witnessed the 1998

---

[1]Bong and Kurniawan stipulated that they are ineligible for asylum because they did not file asylum applications within one year of their arrival in the United States.

2

riots in Jakarta and saw that the police did nothing to protect the Chinese. Bong believes the Indonesian government would not protect him from violence by Indonesian Muslims.

Kurniawan and Bong further testified that they had begun observing Buddhism before leaving Indonesia, that they rarely went to church in Indonesia, and that they had recently converted to Buddhism. They explained that when they started observing Buddhism, they did not stop observing Christianity, but did so more seldom. Kurniawan and Bong stated that, even though they had converted to Buddhism, they still fear returning to Indonesia on account of their ethnicity and religion.

The IJ noted that Kurniawan and Bong had stipulated that they did not suffer past persecution and agreed that the incidents they described did not rise to the level of past persecution. The IJ further found Kurniawan and Bong may have a subjective fear of persecution if removed to Indonesia, but decided that the evidence is insufficient to show that their fear is objectively reasonable. The IJ explained that Kurniawan and Bong did not show they would be singled out for persecution and that the background material reflects discrimination against ethnic Chinese in Indonesia, not systemic, pervasive, or organized persecution. The IJ also recognized that Kurniawan and Bong stated that they observe both Buddhism and Christianity, but noted that they had recently converted to Buddhism and were observing that faith before leaving Indonesia.

The BIA dismissed Kurniawan and Bong's appeal. The BIA agreed with the IJ that they failed to meet their burden of establishing that they face a clear probability of persecution if removed to Indonesia. Like the IJ, the BIA noted that the background

3

evidence reflects discrimination against Chinese individuals in Indonesia. The BIA stated that at most the evidence demonstrates some incidents of terrorism and sectarian violence against Chinese individuals in Indonesia, but not a pattern or practice of persecution. The BIA also stated Kurniawan and Bong did not show that it was more likely than not that they face an individualized risk of persecution. This petition for review followed.[2]

Kurniawan and Bong argue in their brief that, while the BIA concluded that they did not show a pattern or practice of persecution of ethnic Chinese in Indonesia, the BIA failed to determine whether there is a pattern or practice of persecution of Chinese Christians in Indonesia. They contend that the background evidence describes violence directed at Christians by Islamic militants, terrorists, and other groups and establishes such a pattern or practice. Kurniawan and Bong further argue that they established they will be identified as Christians if they return to Indonesia, and although they converted to Buddhism, they recognize both faiths. They assert that a remand to the BIA is warranted for consideration of this claim.

Kurniawan and Bong, however, did not argue in their briefs on appeal to the BIA that they have a fear of persecution based on a pattern or practice of persecution against Chinese Christians in Indonesia. The Government correctly states in its brief that Kurniawan and Bong only argued on appeal to the BIA that there is pattern or practice of persecution against ethnic Chinese in Indonesia. As such, a remand to the BIA to

---

[2] We have jurisdiction pursuant to 8 U.S.C. § 1252(a).

4

consider a religious persecution claim is not warranted.  In addition, we are without

jurisdiction to consider whether the record establishes a pattern or practice of persecution

against Christians in Indonesia because Kurniawan and Bong did not exhaust their

administrative remedies with respect to this claim.  See 8 U.S.C. § 1252(d)(1) (requiring

exhaustion of administrative remedies); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95

(3d Cir. 2003) (concluding court lacked jurisdiction to review claim that alien failed to

raise on appeal before the BIA).[3]

Accordingly, we will deny the petition for review.

---

[3]Petitioners do not discuss in their brief the BIA's conclusion that they did not show a
clear probability of persecution based on their ethnicity and thus we will not consider that
ruling.  See Voci v. Gonzales, 409 F.3d 607, 609 n.1 (3d Cir. 2005) (noting issues that are
not addressed in an opening brief are waived).